IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
McALLEN DIVISION

| | | |
|---|---|---|
| **JUSTIN JASON GARCIA AND** § | | |
| **RYAN JASON GARCIA,** § | | |
| *Plaintiffs* § | | |
| § | | |
| v. § | **CIVIL ACTION NO. 7:21-cv-25** | |
| § | | |
| **VANSICKLER TRUCKING, LLC, and** § | | |
| **BRADLEY RAYMOND BENNETT,** § | **JURY DEMANDED** | |
| *Defendants* § | | |

## PLAINTIFFS' ORIGINAL COMPLAINT

NOW COME Plaintiffs, Justin Jason Garcia and Ryan Jason Garcia, complaining of Defendants, Vansickler Trucking, LLC and Bradley Raymond Bennett, and in support thereof would respectfully show the Court as follows:

### I. Venue and Jurisdiction

1. Plaintiff, Justin Jason Garcia, (hereafter "Justin Garcia" or "Plaintiff") is a citizen and resident of the State of Texas.

2. Plaintiff, Ryan Jason Garcia, (hereafter "Ryan Garcia" or "Plaintiff") is a citizen and resident of the State of Texas.

3. Defendant, Vansickler Trucking, LLC (hereinafter "Defendant Vansickler"), is a corporation formed in and under the laws of the State of Iowa and may be served with process through its registered agent, Peter A. Goldsmith, 500 Second Street, Ida Grove, IA 51445. The company's only member, Shirley Vansickler, is a citizen of the State of Iowa, residing in Ida Grove, Iowa. Service of summons (with attached pleading) and thus proper notice of this legal proceeding is hereby requested.

4. Defendant, Bradley Raymond Bennett (hereafter "Defendant Bennett") is a commercial truck driver for Vansickler Trucking, LLC, and upon information and belief is a citizen and resident of the State of Iowa. Mr. Bennett may be served with process at his residence address of 310 S. Dundas Street, Schaller, IA 51053. Service of summons (with attached pleading) and thus proper notice of this legal proceeding is hereby requested.

5. The matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

6. Diversity jurisdiction is invoked pursuant to 28 U.S.C. § 1332. The motor vehicle accident, which is the subject of this complaint, occurred on October 8, 2020, in the County of Hidalgo, State of Texas.

## II. NATURE OF THE CASE

7. On or about October 8, 2020, Plaintiff, Justin Jason Garcia, was travelling westbound at 2000 W. Westbound Expressway 83, in McAllen, Hidalgo County, Texas, with Ryan Jason Garcia as his passenger. Plaintiff Jason Garcia was safely and lawfully operating a 2015 Ford F150 pickup, in the exit lane of westbound Expressway 83. At the same time, Defendant Vansickler's employee, Bradley Raymond Bennett, acting within the course and scope of his employment, was operating Vansickler's 2014 Peterbilt truck with a towed trailer unit. Bennett was also travelling westbound at W. Westbound Expressway 83, in the lane to the left of Plaintiff.

8. Defendant Bennett suddenly and unexpectedly made an unsafe lane change and attempted to enter the exit. In so doing, Defendant Bennett cut off Plaintiff Jason Garcia's lane of travel. Plaintiff Jason Garcia avoided the potential collision crushing his vehicle between Defendant's truck and the concrete barrier, by swerving

around Defendant. An unrelated vehicle was stopped at the end of the exit ramp, behind which Plaintiff Jason Garcia also safely and lawfully stopped. Defendant Bennett failed to control his speed and suddenly, violently, and without warning, struck the rear end of the Plaintiffs' vehicle, causing them serious injuries.

9. At the time of the accident, Defendant Bennett (a) was employed by the Defendant, Vansickler Trucking, LLC, (b) was driving a truck owned by the Defendant, Vansickler Trucking, LLC, and (c) was acting within the course and scope of his employment with Vansickler Trucking, LLC. At all times material to this incident, Defendant Bennett had permission, either express or implied, to operate the Vansickler truck and trailer unit.

### III. CAUSES OF ACTION

#### COUNT I – NEGLIGENCE OF DEFENDANT BENNETT

10. The allegations alleged in paragraph 1-9 are realleged and are incorporated herein by reference.

11. Defendant Bennett was a professional driver and had a duty to exercise care in the operation of the semi-trailer, and he breached that duty of care by, *intra alia:*

   A. Failing to keep a proper lookout;

   B. Failing to take proper evasive action;

   C. Failing to operate his vehicle in a prudent and reasonable manner;

   D. Failing to maintain a proper speed and control under the circumstances;

   E. Making an unsafe lane change; and

   F. Reckless driving.

___
*Justin Jason Garcia and Ryan Jason Garcia v. Vansickler Trucking, LLC and Bradley Raymond Bennett*
Plaintiffs' Original Complaint
Page 3 of 7

12. Defendant Bennett's conduct was malicious, willful, reckless or in wanton disregard of the rights and safety of others.

13. As a direct and proximate cause of Defendant Bennett's negligence, Plaintiffs sustained serious injuries and damages, including pain and suffering, mental anguish and distress, loss of enjoyment of life and loss of future earnings. Additionally, Plaintiffs seeks relief for the injuries and damages pursuant to applicable laws.

### COUNT II – NEGLIGENCE OF DEFENDANT VANSICKLER

14. Plaintiffs incorporate by reference each and every allegation contained in Paragraphs 1 through 13 of Plaintiffs' Original Complaint set forth above as though fully set forth herein.

15. Defendant Bennett was an employee of Defendant Vansickler and was acting within the course and scope of that employment at the time of the accident. As such, Defendant Vansickler is directly liable for the wrongful acts or omissions of Defendant Bennett.

16. Under information and belief, Defendant Vansickler Trucking, LLC is engaged in the business of commercial transportation throughout the United States.

17. Defendant Vansickler had a duty to exercise reasonable care in the management and operation of its commercial trucks.

18. Additionally, Defendant Vansickler had an obligation to the public to hire, train, retain, and supervise safe and competent drivers, and is liable for any and all damages that resulted from the negligence in its hiring, training retaining, or supervision of its employees.

19. Defendant Vansickler failed to exercise reasonable care in the management and operation of its commercial trucks, and failed to exercise reasonable care in the hiring, training supervising and/or retaining of its employees.

20. As a direct and proximate result of the aforementioned negligence and/or acts and omissions of the Defendant Vansickler, Plaintiffs suffered serious injuries requiring substantial costs and expenses; past, present and future loss of enjoyment of life; past, present and future emotional distress; past, present and future pain and suffering; past, present and future loss of household services; all in an amount not presently determinable, for which they seek relief pursuant to applicable laws.

## **COUNT III: NEGLIGENCE *PER SE***

21. The allegations alleged in paragraphs 1 - 20 are realleged and are incorporated herein by reference.

22. The following acts and/or omissions of Defendants constitute negligence *per se* by Defendants Vansickler and Bennett, jointly and severally, by and through their agents, servants and/or employees acting in the course and scope of employment:

    A.    violation of § 392.2 – "Applicable Operating Rules";

    B.    violation of § 66-8-113 – "Reckless Driving" and

    C.    violation of § 66-7-3 NMSA – "Required obedience to traffic laws".

23. The unexcused violation of an administrative regulation or statute or ordinance established to define a reasonably prudent person's standard of care is negligence *per se.*

___
*Justin Jason Garcia and Ryan Jason Garcia v. Vansickler Trucking, LLC and Bradley Raymond Bennett*
Plaintiffs' Original Complaint
Page 5 of 7

# COUNT IV.  LEGAL DAMAGES AND RECOVERIES TO COMPENSATE PLAINTIFF

24. At the time of their respective injuries, Plaintiffs, Justin Jason Garcia and Ryan Jason Garcia, were in reasonably good health with a normal life expectancy.

25. As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiffs have suffered and will continue to suffer a tremendous loss of life and family.  Plaintiffs seek all just and right remedies at law and in equity, including but not limited to:

   A. Reasonable medical care and expenses in the past;

   B. Reasonable and necessary medical care and expenses, which will in all reasonable probability be incurred in the future;

   C. Loss of earnings in the past;

   D. Loss of earnings and earning capacity, which will, in all probability, be incurred in the future;

   E. Mental anguish in the past;

   F. Mental anguish in the future, which will in all probability, be incurred in the future;

   G. Pecuniary loss in the past;

   H. Pecuniary loss in the future, which will in all probability, be incurred in the future; and

   I. All other legal damages and just and right compensation as allowed both in law and in equity.

26. All losses, harm, and legal damages suffered by Plaintiffs were caused by, and proximately caused by, Defendants' negligent acts and/or omissions (some of which are listed herein).  For all such claims and losses, Plaintiffs now sue.

27. Plaintiffs request monetary damages and punitive damages against the Defendants in amounts to be fixed by the trier of fact to be just and reasonable, for pre and post-judgment interest, for court costs and for all other appropriate relief.

### JURY DEMAND

28. Plaintiffs demand trial by jury.

### PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs respectfully pray that the Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiffs and against Defendant, jointly and severally, for compensatory damages in an amount within the jurisdictional limits of the Court; for exemplary damages, as addressed to each Defendant; for all pre-judgment and post-judgment interest as allowed by law and equity; for all costs of court; and for such other and further relief to which the Plaintiff may be entitled at law or in equity.

Dated: January 14, 2021

Respectfully submitted,

*/s/ Gregory L. Gowan*
Gregory L. Gowan
Federal ID No. 19991
Texas Bar No. 00765384
**GOWAN ELIZONDO, LLP**
555 N. Carancahua, Suite 1400
Corpus Christi, Texas 78401
Telephone: 361.651.1000
Facsimile: 361.651.1001
ggowan@gelawfirm.com